IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRITTNEY BROWN,

     *Plaintiff,*

v.                              Case No.:  4:25cv419-MW/MJF

ROGER A. YOUNG and
MELISSA TUCKER,

     *Defendants.*

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

This Court has considered, without hearing, Plaintiff's motion for summary judgment, ECF No. 43, Defendants' response in opposition, ECF No. 48, and Plaintiff's reply, ECF No. 55. Construing the record and all reasonable inferences drawn therefrom in the light most favorable to the non-movants, this Court cannot conclude that the record presents an absence of disputed material fact entitling Plaintiff to judgment as a matter of law.

With respect to Plaintiff's claims, Plaintiff bears the burden of demonstrating, among other elements, that her free speech interests outweighed her former employer's interest in effective and efficient fulfillment of its responsibilities. *Labriola v. Miami-Dade Cnty.*, 142 F.4th 1305, 1309 (11th Cir. 2025) (quoting *Cook v. Gwinnett Cnty. Sch. Dist.*, 414 F.3d 1313, 1318 (11th Cir. 2005)). Part of this analysis concerns "whether the speech at issue impedes the government's ability to

perform its duties efficiently." *Snipes v. Volusia Cnty.*, 704 F. App'x 848, 852 (11th Cir. 2017) (quoting *Morales v. Stierheim*, 848 F.2d 1145, 1149 (11th Cir. 1988)). And "[c]ourts have routinely afforded substantial deference to public employers when disciplining an employee whose speech threatens to disrupt the efficient functioning of either the employer in general or the employee's department more specifically." *Snipes*, 704 F. App'x at 852.

Moreover, "a government's legitimate interest in avoiding disruption does not require proof of actual disruption," *id*. (quoting *Moss v. City of Pembroke Pines*, 782 F.3d 613, 622 (11th Cir. 2015)). Instead, "a reasonable possibility of adverse harm is all that is required." *Id*. (internal quotation marks and citation omitted). All this is to say that, on this record, this Court cannot determine, as a matter of law, that there is no dispute of material fact that Plaintiff's free speech interests outweighed Defendants' interests in effective and efficient fulfillment of FWC's responsibilities. *See, e.g.*, ECF No. 42-5 at 52–53 (Defendant Young testifying to his decision to terminate based on conversations with FWC's communications director regarding social media attention to Plaintiff's Instagram re-post).

Accordingly, given the fact-intensive nature of the standards that govern Plaintiff's claims and the disputes of material fact that remain, Plaintiff's motion for

2

summary judgment, ECF No. 43, is **DENIED**.

      **SO ORDERED on May 11, 2026.**

                **s/Mark E. Walker**
                **United States District Judge**