IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRITTNEY BROWN,

   *Plaintiff,*

v.           Case No.: 4:25cv419-MW/MJF

ROGER A. YOUNG and
MELISSA TUCKER,

   *Defendants.*
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND <u>IMPOSING SANCTIONS</u>

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 59, and has also reviewed *de novo* Plaintiff's objections, ECF No. 60, Defendants' objections, ECF No. 61, and the parties' responses to objections, ECF Nos. 62 and 68.

This Court accepts the Magistrate Judge's recommended findings of fact following an evidentiary hearing on Plaintiff's motion for sanctions. If anything, the Magistrate Judge was generous in evaluating the witness testimony, making credibility calls, and determining the motivations of witnesses and counsel with respect to Ms. Tucker's false affidavit that defense counsel submitted to this Court and continued to defend after it became clear to everyone that it contains false statements purporting to be true under penalty of perjury. Specifically, the

Magistrate Judge accepted Ms. Tucker's dubious claim that she did not realize at the time she made certain statements that they were not based on her personal knowledge and that she did not intend to deceive this Court based on her misunderstanding about the concept of "personal knowledge." Moreover, the Magistrate Judge did not find that Ms. Tucker's prior defense counsel knowingly submitted a false declaration when Plaintiff's motion for preliminary injunction was still pending. The problem for this Court, however, is both Ms. Tucker's and her defense counsel's continued defense of her false statements once the absence of personal knowledge as a basis for certain assertions and the falsity of paragraphs 4 and 5 in her declaration became clear through discovery.

Ms. Tucker's continued quibbling with the content of her affidavit and what constituted personal knowledge when she made the sworn statements within that affidavit undermines the system of justice. Moreover, Ms. Tucker's defense counsel's continued defense of Ms. Tucker's false statements flouts the responsibilities that counsel must abide by.

This Court concurs with the Magistrate Judge's recommendation of the narrow sanction of striking the false statements—namely, paragraphs 4 and 5—from Ms. Tucker's sworn declaration, dated October 28, 2025. *See* ECF No. 21-1. Although these false statements were material to this Court's prior ruling on the motion for preliminary injunction, this Court concludes that, while a close call, the

omission of these two paragraphs would not have changed the outcome at the preliminary injunction hearing. Moreover, like the Magistrate Judge, this Court affords defense counsel the benefit of the doubt with respect to the initial submission of the false declaration inasmuch as Ms. Tucker testified that she had made some changes to the declaration prior to its submission. Given this testimony, this Court does not find that defense counsel knowingly submitted a false declaration.

However, all counsel has an affirmative obligation to ensure that they are not submitting false evidence and if they later learn of the falsity of material evidence, they must take reasonable remedial measures to correct the error. *See* R. Reg. Fla. Bar 4-3.3(a)(4). The problem with defense counsel's actions in this case is that, rather than admit that the declaration was poorly drafted and contained false statements and then correct the record, they continued to defend it throughout this case, even after it became clear that Ms. Tucker did not know certain facts for which she had previously attested to possessing personal knowledge.

Defense counsel continues to play with language to defend the declaration at issue, characterizing the challenged declaration as containing "source defects," "overstatements," and "evidentiary weakness," *see* ECF No. 61 at 5–6, even after it became clear at Ms. Tucker's deposition that her declaration contained false information. There is a label for what Ms. Tucker did— making false statements. And there is a label for what defense counsel has done—vexatious litigation. *See* 28

3

U.S.C. § 1927. This Court would have readily shown grace to both Ms. Tucker and defense counsel had they done what any reasonable litigant should have done in this circumstance—and what the rules of professional conduct require counsel to do— and corrected the false statements for the record. But both Ms. Tucker and her defense counsel doggedly defended the indefensible with respect to the false statements contained in her declaration. On this basis, this Court is awarding fees for the time spent litigating the sanctions motion before Judge Fitzpatrick as Ms. Tucker and defense counsel unnecessarily duplicated proceedings by continuing to defend Ms. Tucker's false statements once the falsity of her statements and her lack of personal knowledge to support such assertions in paragraphs 4 and 5 of her declaration in response to the motion for preliminary injunction became clear.

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 59, is **accepted and adopted**, over the parties' objections, as this Court's opinion. Plaintiff's motion for sanctions, ECF No. 44, is **GRANTED in part and DENIED in part**. The motion is **GRANTED** insofar as this Court **STRIKES** paragraphs 4 and 5 from ECF No. 21-1 and awards fees pursuant to 28 U.S.C. § 1927 and this Court's inherent authority. The motion is otherwise **DENIED**. This Court concludes that Plaintiff is entitled to attorneys' fees

based on Ms. Tucker's and defense counsel's[1] objectively unreasonable multiplication of proceedings in continuing to defend the Tucker declaration once it became clear that Ms. Tucker lacked personal knowledge to make the false statements identified above. Fees shall be split between Ms. Tucker and defense counsel and will be assessed at the conclusion of this case. To be clear, there must be a sanction for Ms. Tucker and her prior counsel's continued efforts to ignore the obvious—that Ms. Tucker lacked the personal knowledge necessary to make certain statements in her declaration and that such statements were, in fact, false—and defend the indefensible once that lack of personal knowledge and falsity became clear following Ms. Tucker's deposition. Finally, Plaintiff's motion to exclude Defendants' evidence, ECF No. 52, is **DENIED as moot.**

        **SO ORDERED on May 12, 2026.**

                          **s/Mark E. Walker**
                          **United States District Judge**

---

[1] To be clear, this Court is awarding fees against counsel with the law firm of Lawson Huck Gonzalez, PLLC, who represented Ms. Tucker and Roger Young through the litigation of the sanctions motion and evidentiary hearing and subsequently withdrew from representing Ms. Tucker on May 4, 2026. *See* ECF No. 64. Fees shall not be assessed against Miriam Coles, who is Ms. Tucker's new attorney.